Filed 9/20/13  P. v. Stiffler CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFREY RAY STIFFLER,<br><br>    Defendant and Appellant. | F066071<br><br>(Super. Ct. No. BF143630B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Kathleen A. McKenna, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Gomes, J., and Kane, J.

Defendant Jeffrey Ray Stiffler pleaded no contest to one count of possessing methamphetamine for sale.  He had one prior strike within the meaning of the Three Strikes Law and was sentenced accordingly.  He now argues that the trial court abused its discretion when it denied his motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to dismiss the prior strike.  We affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORIES

The district attorney filed a complaint charging Stiffler with six counts: (1) maintaining a place for unlawfully selling methamphetamine (Health & Saf. Code, § 11366); (2) child endangerment (Pen. Code, § 273a, subd. (a)[1]); (3) possession of methamphetamine for sale (Health & Saf. Code, § 11378); (4) manufacturing metal knuckles or offering them for sale (§ 21810); (5) being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and (6) possession drug paraphernalia (Health & Saf. Code, § 11364.1).  The complaint alleged that Stiffler had served three prior prison terms within the meaning of section 667.5, subdivision (b).  An allegation of a prior strike—a first degree burglary from 1998—was added to the complaint later.

The parties entered into a plea agreement.  Stiffler pleaded no contest to count 3 and admitted a prior prison term and the prior strike.  The parties stipulated that a factual basis for the plea was contained in law enforcement reports, which are not included in the appellate record.  In exchange for the plea, Stiffler received a lid of 44 months, consisting of the 16-month low term, doubled for the prior strike, plus one year for a prior prison-term enhancement.  The remaining counts were dismissed.  Stiffler reserved his right to make a *Romero* motion at the sentencing hearing, arguing that the prior strike should be dismissed.

---

[1]Subsequent statutory references are to the Penal Code unless otherwise indicated.

2.

Stiffler made the *Romero* motion at sentencing and the court denied it. The court imposed the 44-month lid in accordance with the plea agreement.

## *DISCUSSION*

To establish that a trial court abused its discretion in denying a *Romero* motion, a defendant must show that "no reasonable person could agree" (*People v. Carmony* (2004) 33 Cal.4th 367, 377) with the trial court's determination that the defendant did not fall "outside the … spirit" of the Three Strikes Law (*People v. Williams* (1998) 17 Cal.4th 148, 161). Stiffler says he has shown that the court reached "a patently absurd result." We disagree.

The appellate record does not contain Stiffler's written *Romero* motion, the People's written response to the motion, or a complete account of Stiffler's criminal history.[2] The primary source of information presented to us as a basis for determining whether a reasonable person could find that Stiffler fell within the spirit of the Three Strikes Law is the remarks of counsel and the court at the sentencing hearing:

> "[Defense counsel]: [T]here are a number of reasons why it would be appropriate in this case to strike the strike. Mr. Stiffler's conviction was 14 years ago. He was 21 years old and he sustained that first degree burglary. It was not [a] violent felony. It was a serious felony. There was no violence as [far] as I'm aware involved in that particular offense. He doesn't even have a history of violence. He has an ongoing drug problem. In spite of that, he has only two other felony convictions. They are both quite old. One is from the year 2000 and the other from 2004. He was off parole. He was not on probation or parole at the time that the offense was committed. He might have been on misdemeanor probation actually but not with search terms. He almost actually had finished his five-year washout [under section 667.5]. He was four years into a five-year washout to that prison prior which he now has in addition to that sentence.

_____

[2]The probation officer submitted a "Short Report" containing only his statement of the sentencing options and his recommendation. It does not include Stiffler's criminal history.

"The actual facts of the case are not especially egregious. It wasn't a large quantity of drugs. The total package weight was 8.5 grams. It was consistent certainly with personal use. He was under the influence at the time that he was detained by law enforcement and he cooperated with law enforcement. As a matter of fact, they asked permission—according to the officer [although] there might be a dispute of fact—but according to the officer Mr. Stiffler gave them permission to enter his residence and conduct a search. There were some—I think there was drugs found in the bathroom cabinet away from—high up, somewhere where minor kids could not get a hold of them.

"And, Judge, he did also enter a plea at an early stage in the proceedings. I think—you know, for all the reasons that I've enumerated, I think it would be appropriate in this case to strike the strike and sentence him to the 16 months plus the prison prior, which would be I think a total of 28 months. In the alternative, if the court is not inclined to strike the strike then I would ask that you strike the prison prior and sentence him to the 32. But I would also ask to strike the strike.

"THE COURT: Thank you. [¶] Mr. [prosecutor].

"[Prosecutor]: Your Honor, I think Mr. Stiffler's biggest problem is his ongoing criminal activity that's been outlined in the probation summary that was provided at the pre-preliminary hearing. And in the past he's done two years, three years, and I'm not positive but I believe once four years. So it's really a matter of his overall record that the court should consider. And this was a possession for sales case in which there were children present in the home that although not especially for lack of a better word feloniously endangered in this case nonetheless were subject to a filthy house with apparent drug sales activity going on to which the co-defendant entered a plea as a misdemeanor. So I'm gonna submit on probation's recommendation which would be—I don't think they're specifically addressing the Romero motion per se but their recommendation is to sentence according to the upper lid of 44 months.

"THE COURT: I did read and review the motion filed by Ms. [defense counsel]. I have listened carefully to her argument and the argument of Mr. [prosecutor]. The difficulty I have in granting the Romero motion is that Mr. Stiffler, although the strike is old, is that he continued to re-offend and had two more felony convictions since that date. The most recent I believe in 2004 which he was sentenced to prison. And although that was close as Ms. [defense counsel] does directly state, she has not incorrectly stated anything close to being washed out. What it does show is

4.

that Mr. Stiffler continues to re-offend and it's roughly around every four years or so with a significant offense. This is a very close call but I don't believe it would be appropriate for me to strike the strike. And I don't find it outside the intent of the Three Strikes Law so I'm going to respectfully decline to do that. [¶] In regard to the prison prior, it is still a valid prison prior and if that was the offer of the People to strike the prison prior that would be another issue. But I'm not gonna disturb the plea at this point."

In light of this exchange, a reasonable person could conclude that Stiffler fell within the spirit of the Three Strikes Law. Our Supreme Court has stated that the circumstances must be "'extraordinary'" under which "'a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack ….'" (*People v. Carmony, supra,* 33 Cal.4th at p. 378.) No such extraordinary circumstances have been shown in this case.

Stiffler contends that, in addition to the facts the court referred to, it should also have made clear that it was weighing others: that the current offense was not serious or violent, that the strike was 14 years old, and that without the strike he would still have received a significant prison term. He cites cases discussing various factors that have been held to be relevant to a trial court's decision to avoid a Three Strikes sentence and says the court should have mentioned these. (See, e.g., *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 [relevant factors include nature and circumstances of offense, defendant's attitude toward offense, traits of defendant's character, and sentencing objectives set forth in Cal. Rules of Court, rule 4.410].)

We agree that the seriousness of the current offense, the age of the strike, and the sentence otherwise available are all relevant factors. These were all presented during oral argument at sentencing and the court said it had carefully considered the parties' contentions. More was not required. There is no rule that in denying a *Romero* motion the court must expressly state on the record its view of the weight that should be given to every relevant factor. Instead, we apply the usual appellate presumption that, if the

record on some factor or issue is silent, the trial court has made all findings necessary to support its judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Our Supreme Court has expressly applied this presumption to *Romero* appeals. (*People v. Carmony, supra,* 33 Cal.4th at p. 378 ["'On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable'"].) Stiffler must affirmatively show error to overcome this presumption, and he has not done so.

### *DISPOSITION*

The judgment is affirmed.